**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                    :

THOMAS SUMMERS, on behalf of himself and  :
all others similarly situated,               :
                                      :

              Plaintiff,          :  Civil Action No.
                                    :

vs.                              :  **CLASS ACTION COMPLAINT AND**
                                  :  **JURY TRIAL DEMAND**

RUBIN & ROTHMAN, LLC,         :
                                    :

             Defendants.       :
                                    :
—————————————————————— X

      Plaintiff THOMAS SUMMERS (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant RUBIN & ROTHMAN, LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

      1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction and/or the violation occurred in this venue.

**DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**JURY DEMAND**

5.      Plaintiff demands a jury trial on all issues.

**PARTIES**

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of West Orange, New Jersey,

County of Essex, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Defendant Rubin & Rothman, LLC ("Rubin & Rothman") is a New York

limited liability company engaged in the business of collecting debts in this state with its

principal place of business located at 1787 Veterans Highway, Islandia, NY.

9.      Based upon information and belief, Defendant is a company that uses the

mail, telephone, email and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters, emails, court filings and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class consists of:

All New Jersey consumers who received and/or were subject to letters, court filings and/or notices from Defendant, which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, email, court filing and/or notice that is sent to hundreds of persons (*See* attached

to the Complaint, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

17.     Prior September 1, 2020, Plaintiff allegedly incurred a financial obligation to Citibank, N.A. ("Citibank") related to a consumer credit card account ("the Debt").

18.     The Debt obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.     The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     At some time prior to September 1, 2020, the Debt became past due with a balance of $2,506.90.

22.     Citibank then referred the Debt to Defendant for purposes of collection.

23.     At the time the Debt was referred to Defendant for purposes of collection, the Debt was in Default.

24.     On or about September 1, 2020, Defendant, on behalf of Citibank, filed suit against Plaintiff in the Superior Court of New Jersey, Special Civil Part, Essex County, Dkt. No. ESX-DC-010789-20 in the case of Citibank, N.A. v. Summers ("the State Court Action") seeking to collect the Debt.

**25.**    On October 31, 2020, the State Court Action was dismissed for failure to effectuate service of process upon Plaintiff. A copy of the dismissal is attached as **Exhibit A.**

26.    After the State Court Action was dismissed, the parties entered into a settlement agreement whereby Plaintiff would pay $75.00 per month on the 15th of each month beginning on November 15, 2020 until the balance of $2,506.90 was paid in full.

27.    On November 23, 2020, Defendant filed a Stipulation of Settlement in the State Court Action, even though service of process had never been effectuated, the case had previously been dismissed and the case had not been restored.

28.    Pursuant to the terms of the settlement, Plaintiff made the monthly payments of $75.00 in November-December 2020, and January-April 2021 by check, which Defendant cashed.

29.    Despite making the monthly payments, Plaintiff received a letter dated January 8, 2021 from Defendant indicating that Plaintiff was delinquent in making the monthly payments.  A copy of the January 8, 2021 letter is attached as **Exhibit B.**

30.    Despite Plaintiff making payments pursuant to the terms of the settlement, on March 29, 2021, Defendant filed a Motion to Enter Judgment against Plaintiff, allegedly based upon a defaulted Stipulation of Settlement.

31.    Defendant's Certification filed in support of its Motion to Enter Judgment falsely indicated that Plaintiff had breached the settlement agreement and had only made payments of $75.00, when in fact $375.00 had been paid as has been agreed.

32.    As a result of Defendant's false Certification, Judgment was entered against Plaintiff on April 16, 2021 in the amount of $2513.90, giving Plaintiff credit for

only $75.00 in payments.

33.    The amount of the judgment which was in excess of the amount owed since Plaintiff had made monthly payments of $75.00 per month for at least 5 months.

34.    Plaintiff should have never filed a Motion to Enter Judgment against Plaintiff since Plaintiff did not breach the settlement agreement and made payments as agreed.

35.    Prior to entry of the judgment, Plaintiff contacted Defendant on multiple occasions to inform Defendant that he had made the $75 monthly payments as agreed, but Defendant had failed to credit these payments to the Debt or had miscredited these payments to the wrong account.

36.    Additionally, Defendant was legally barred from filing the Motion to Enter Judgment to enforce the terms of the settlement agreement since the State Court Action had been previously been dismissed on October 31, 2020 for failure to effectuate service on Plaintiff.

37.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

38.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

39.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

40.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

41.    Defendant's communications were designed to cause Plaintiff to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

42.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

43.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

46.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

47.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

48.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted his or he ability to decide on how to proceed with respect to the matter –

will he or she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

49.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

50.     As a result of Defendant's moving to enter judgment against Plaintiff, when it was not entitled to, Plaintiff suffered emotional distress damages.

## POLICIES AND PRACTICES COMPLAINED OF

51.     It is Defendant's policy and practice to seek to collect more than it was entitled to by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     By making false representations of the character or legal status of a debt; and
>
> (c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

52.     On information and belief, Defendant sent engaged in the alleged conduct with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

53.     Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length.

54.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

55.     Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken;

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.  15 U.S.C. § 1692e(13), by falsely representing or implying that documents are legal process;

G.  15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

H.  15 U.S.C. § 1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and,

I.  15 U.S.C. § 1692h, by failing to apply payment by the consumer in accordance with the consumer's direction.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
          May 31, 2021

                                    Respectfully submitted,


                                    By: s/ Lawrence C. Hersh
                                        Lawrence C. Hersh, Esq.
                                        17 Sylvan Street, Suite 102B
                                        Rutherford, NJ  07070
                                        (201) 507-6300
                                        *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: May 31, 2021                    By: <u>s/ Lawrence C. Hersh</u>
                                            Lawrence C. Hersh, Esq

EXHIBIT A

```
ESSEX SPECIAL CIVIL PART           :
HALL OF RECORDS - ESSEX COUNTY     :
465 MARTIN LUTHER KING BLVD        :
NEWARK NJ 07102                    :
(973) 776-9300                     :
CASE NUMBER:
  ESX DC-010789-20                 :
CITIBANK, N.A.                     :
  VS             CV0240  : OCTOBER 31, 2020
SUMMERS THOMAS J                   :
                                   :
                                   :

PER R1:13-7D,                      : KRISTA C MILLER
THIS CASE WAS MARKED               : RUBIN & ROTHMAN, LLC
DISMISSED ON 10-31-2020            : 1787 VETERANS MEMORIAL HWY
SUBJECT TO AUTOMATIC               :
RESTORATION UPON SERVICE OF        : ISLANDIA NY
THE SUMMONS WITHIN ONE YEAR.       :
                                   :            11749
                                   :
                                   :
                                   :
                                   :
                                   :
```

EXHIBIT B

1360386 IB29

# RUBIN & ROTHMAN, LLC

A LIMITED LIABILITY COMPANY FORMED IN THE STATE OF NY
ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
FAX (631) 234-1138
TOLL-FREE (800) 298-6058
FOR RELAY SERVICE DIAL 711
NYC DCA LIC. 2045512

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]
------------------------
KEITH GOLUB[1,2]
 Managing Attorney
 New Jersey

ADAM OLSHAN[1,3,4]
 Managing Attorney
 Connecticut and Massachusetts

[1]MEMBER NY BAR   [3]MEMBER NJ BAR
[4]MEMBER CT BAR   [4]MEMBER MA BAR

BUSINESS HOURS: MON-THURS 8:30AM-7:00PM
FRI: 8:30AM-5:00PM   SAT: 8:30AM-12:00PM

FRANK ROTHMAN[1]
DAVID ROTHMAN[1,2]
ADRIENNE CERVENKA[1]
AARON DEACON[1]
MICHAEL JOHNSON[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
JACQUELINE A. TIERNEY[1]
KIMBERLY PETERSON[3]
JOHN OTT[4]
SHERRI KADISH[4]
STEPHEN HOLBREICH[1]
VALERIE WATTS[1]
TARA RUBIN-FRANGIPANE[1,2]
JOSHUA EGLER[3,4]
KRISTA MILLER[1]
JOSEPH LATONA[1]
ALLISON WILAND[1]
NATALIE DONALDSON[1]
CHRISTOPHER J. AHERN[1,2]
GINA MARIE PARO[4]
JARED DOCKSWELL[1]

CALL: WILLIAM CARTER  EXT 2254

January 08, 2021

THOMAS J SUMMERS
14 BARTON DR
WEST ORANGE NJ 07052

OUR FILE NO: 1360386
CREDITOR: CITIBANK, N.A.
CARD TYPE: SHOP YOUR WAY MASTERCARD

Dear Sir/Madam,

We have not received one or more payments due in connection
with the payment arrangement entered into between us.

Unless the arrears due under the payment arrangement are received, we
will proceed with collection activity.

If your payment was previously mailed, please disregard this notice.

All payments should be sent to P.O. Box 550, Central Islip, New York
11722 payable to Citibank and refer to file # 1360386.

In addition to personal checks, we will accept electronic payments.
You can make electronic payments on-line at RRLLC189.com or by
calling us during office hours.

Thank you very much for your time and attention to this matter.

RUBIN & ROTHMAN, LLC

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.